IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| MACHON ANDERSON, #R09312,<br><br>           Plaintiff,<br><br>v.<br><br>WEXFORD HEALTH SOURCES, INC.,<br><br>           Defendant. | Case No. 24-cv-00698-SPM |

## MEMORANDUM AND ORDER

**MCGLYNN, District Judge:**

Plaintiff Machon Anderson, an inmate of the Illinois Department of Corrections (IDOC) who is currently incarcerated at Centralia Correctional Center, brings this civil action pursuant to 42 U.S.C. § 1983 for violations of his constitutional rights. The Complaint is now before the Court for preliminary review pursuant to 28 U.S.C. § 1915A. Under Section 1915A, any portion of a complaint that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or requests money damages from a defendant who by law is immune from such relief must be dismissed. *See* 28 U.S.C. § 1915A(b). At this juncture, the factual allegations of the pro se complaint are to be liberally construed. *Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

### THE COMPLAINT

In the Complaint, Plaintiff states that on January 28, 2023, he injured his right hip while playing basketball. (Doc. 1, p. 6). Plaintiff was taken to the health care unit and placed in a "quiet room" for observation. He was not taken to an outside hospital for treatment, and there was not a medical doctor at Centralia Correctional Center to examine and treat him. Plaintiff was in the quiet

room for twenty-four hours. During this time, he could not walk to the restroom, and there was no staff available to assist him. He was forced to urinate on himself. Plaintiff states he was in extreme pain from his injury, and because a doctor was not present to prescribe stronger medication, he was only given 200 mg of Tylenol to relieve his pain. (*Id.*).

The following day, an officer in the infirmary, tired of hearing and seeing Plaintiff in pain, went to the health care unit administrator and asked if Plaintiff could be sent to an outside hospital. (Doc. 1, p. 6). A doctor was called, and instructions were given to send Plaintiff to St. Mary's emergency room for evaluation. (*Id.* at p. 6-7). Although Plaintiff is 6'4 in height, he was transported in a small Ford Taurus to the emergency room. To load Plaintiff into the car, he was dragged across the back seat. (*Id.*).

At St. Mary's, an x-ray showed that Plaintiff had a broken hip and pelvis. (Doc. 1, p. 7). Plaintiff was then taken to St. Louis University Hospital to be treated for his injuries. (*Id.*).

## DISCUSSION

Based on Plaintiff's allegations and his articulation of his claims, the Court designates the following count:

**Count 1:**   Eighth Amendment claim against Wexford Health Sources, Inc. for failing to provide Plaintiff adequate medical care and transportation after he injured himself on January 28, 2023.

The parties and the Court will use this designation in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court. **Any other claim that is mentioned in the Complaint but not addressed in this Order should be considered dismissed without prejudice as inadequately pled under the *Twombly*[1] pleading standard.**

Plaintiff alleges that because of the practices and/or policies of Wexford Health Sources,

---

[1] *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 570 (2007).

Inc., the health care unit at Centralia Correctional Center was not properly staffed with doctor or other personnel who could properly evaluate and treat his injury. As a result, he had to sit in a room for over 24 hours with a broken hip and pelvis, in severe pain, and without assistance to use the restroom. Plaintiff also asserts that because of cost saving practices of Wexford Health Sources, Inc., he was not provided proper transportation to the hospital, causing additional pain. These allegations are sufficient to survive preliminary review, and Count 1 will proceed against Wexford Health Sources, Inc.

### MOTION FOR PROCESS AT GOVERNMENT EXPENSE

Plaintiff's Motion for Service of Process at Government Expense (Doc. 3) is **DENIED** as moot. Because Plaintiff has been granted leave to proceed *in forma pauperis*, the Court is obligated to arrange service on his behalf.

### DISPOSITION

For the reasons set forth above, the Complaint survives preliminary review pursuant to Section 1915A. **COUNT 1** will proceed against Wexford Health Sources, Inc.

Because Plaintiff's claim involves his medical care, the Clerk of Court is **DIRECTED** to **ENTER** the standard qualified protective order pursuant to the Health Insurance Portability and Accountability Act.

The Clerk of Court shall prepare for Wexford Health Sources, Inc. the following: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is directed to mail these forms, a copy of the Complaint and this Memorandum and Order to Defendant's place of employment. If Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service

on the defendant, and the Court will require the defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

If Defendant can no longer be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with the defendant's current work address, or, if not known, his last known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk. Address information shall not be maintained in the court file or disclosed by the Clerk.

Defendant is **ORDERED** to file an appropriate responsive pleading to the Complaint in a timely manner and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g). **Pursuant to Administrative Order No. 244, Defendant only needs to respond to the issues stated in this Merit Review Order.**

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than 14 days after a transfer or other change in address occurs. Failure to comply with this Order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED: July 9, 2024**

                                     *s/Stephen P. McGlynn*
                                     **STEPHEN P. MCGLYNN**
                                     **United States District Judge**

### NOTICE TO PLAINTIFF

The Court will take the necessary steps to notify the appropriate defendants of your lawsuit and serve them with a copy of your complaint. After service has been achieved, the defendants will enter their appearance and file an Answer to the complaint. It will likely take at least **60 days** from the date of this Order to receive the defendants' Answers, but it is entirely possible that it will take **90 days** or more. When all of the defendants have filed Answers, the Court will enter a Scheduling Order containing important information on deadlines, discovery, and procedures. Plaintiff is advised to wait until counsel has appeared for the defendants before filing any motions, to give the defendants notice and an opportunity to respond to those motions. Motions filed before defendants' counsel has filed an appearance will generally be denied as premature. Plaintiff need not submit any evidence to the Court at his time, unless otherwise directed by the Court.